```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

HSQD, LLC                       :
                                :
                                :
v.                              :   CIV. NO. 3:11CV1225 (WWE)
                                :
PAUL MORINVILLE                 :
                                :
```

RULING ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY AND MOTION FOR DISCLOSURE OF ASSETS [DOC. #81]

On January 3, 2013, plaintiff HSqd, LLC filed a motion for prejudgment remedy [Doc. #74], and a motion for disclosure of assets [Doc. #76]. These motions are supported by the declaration HSqd's sole managing member, Brian Hollander. Pending before the Court is defendant Paul Morinville's motion to strike HSqd's application for prejudgment remedy and motion for disclosure of assets [Doc. #81], to which plaintiff HSqd has filed a response in opposition. [Doc. #92]. For the reasons that follow, defendant's motion to strike **[Doc. #81]** is **DENIED**.

1.  **Background**

HSqd brings this action to recover damages for, inter alia, breach of an alleged partnership agreement. HSqd is a Connecticut limited liability company, controlled by a sole member manager, Brian Hollander. "HSqd's business is to partner with individuals and companies who own intellectual property for the purpose of successfully monetizing specified intellectual property by actively participating in all monetization related

1

decisions, and where appropriate, raising and/or providing the capital needed to support the monetization program." (Hollander Decl., Doc. #74-1, at ¶6).  In January 2010, defendant was introduced to HSqd as the owner of a U.S. patent portfolio, which consisted of pending patent applications and infringed patents generating revenue ("Patent Portfolio").  Between January 2010 and January 2011, HSqd worked with defendant, and allegedly formed a partnership, to monetize the patents and applications in the Patent Portfolio.  Plaintiff alleges that defendant breached the alleged partnership agreement, and additionally made an unauthorized sale of certain patents for defendant's sole financial benefit. Defendant disputes the formation of a partnership.

**2.   Applicable Law**

HSqd has applied for a  prejudgment remedy ("PJR") pursuant to Connecticut[1] General Statute § 52-278c, which requires that the application include:

> An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in

---

[1] Because the Court sits in diversity, the substantive law of the forum state applies.  Stephens v. Norwalk Hosp., 162 F. Supp. 2d 36, 39 (D. Conn. 2001) (noting the "undisputed principle that a federal court sitting in diversity applies the substantive law of the forum state.").

the matter in favor of the plaintiff[.]" Conn. Gen. Stat. § 52-278c(a)(2). The supporting affidavit must contain "factual rather than conclusory allegations." Kukanskis v. Griffith, 180 Conn. 501, 503 (1980) (discussing affidavit required to support ex parte application for prejudgment remedy). In addressing PJR applications, the "trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits." Calfee v. Usman, 224 Conn. 29, 36-37 (1992) (citation omitted). The PJR statute further contemplates that a hearing will be held to determine whether the requested prejudgment remedy should be granted. See Conn. Gen. Stat. § 52-278c(d).

**3.  Discussion**

Defendant moves to strike portions of Brian Hollander's declaration in support of HSqd's motion for prejudgment remedy, and thus plaintiff's motions for prejudgment remedy and disclosure of assets. As an initial matter, the defendant cites to various cases[2] in the "Legal Standard" section of his brief, supporting the position that a court may strike inadmissible portions of an affidavit. (Def. Memo. Supp. Mt. Strike, Doc.

---

[2] Nodoushani v. S. Conn. State Univ., No. 11-4536-cv, 2013 WL 149898 (2d Cir. Jan. 15, 2013); S. Concrete Co. v. U.S. Steel Corp., 394 F. Supp. 362, 381 (N.D. Ga. 1975); Hatch v. Boulder Town Council, No. 2:01-CV-00071 PGC, 2007 WL 2985001 (D. Utah Oct. 10, 2007).

3

#81-1, at 3).  However, these cases relate to affidavits made in the summary judgment context.  Summary judgment invokes far different procedures and burdens than those involved in an application for prejudgment remedy.  Prevailing on summary judgment requires a movant to establish "no genuine dispute as to any material fact", Fed. R. Civ. P. 56(a), an exacting requirement. See, e.g., Smith v. Mabstoa/NYCTA, No. 02 Civ. 220(PKC), 2005 WL 1123730, at *2 (S.D.N.Y. May 11, 2005) (noting that summary judgment movant's burden "remains high" even where no opposition filed).  Moreover, the Federal Rules of Civil Procedure mandate that affidavits made in support of a motion for summary judgment "be made on personal knowledge, [] set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).  By contrast, to prevail on an application for prejudgment remedy, a party must "provide[] enough evidence to meet the relatively low standard of showing that there is probable cause that a judgment in the amount sought as prejudgment remedy, or greater, will be rendered in favor of the plaintiff."  Fishman v. Vantage Point Ass'n, Inc., No. CV054004288S, 2006 WL 3008219, at *1 (Conn. Super. Ct. Oct. 5, 2006) (citing See Conn. Gen. Stat. § 52-278d).  The Connecticut PJR statute does not require that a supporting affidavit comport with the requirements of an

4

affidavit to support a motion for summary judgment.  See Conn. Gen. Stat. 52-278c(a)(2). Indeed, defendant has failed to point to any PJR equivalent of Rule 56.  Accordingly, for the reasons that follow, defendant's motion to strike is DENIED.

### a. References to alleged documentary evidence

Defendant objects to seventeen paragraphs[3] of the Hollander declaration on the basis that Hollander "provides vague and self-serving descriptions of dozens of documents without attaching any of the documents themselves [to the declaration]." Defendant relies on various summary judgment cases, including N.Y. ex rel. Spitzer v. Saint Francis Hosp., 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000), for the position that where a party wishes to have a court consider documents not yet part of the record, the documents must be attached to, and authenticated by, an appropriate affidavit.[4]  However, the Court does not find this authority applicable to a declaration in support of a PJR application where the Connecticut PJR statute "allows[s] a plaintiff to introduce at the hearing additional evidence to

---

[3] Specifically paragraphs: 10, 18, 20-21, 24-25, 27-28, 29, 31-34, 37-38, 40, and 42.

[4] Defendant cites an additional three cases in support of his argument, which the Court finds distinguishable. Kukanskis v. Griffith, 180 Conn. 501 (1980), and Fermont Div. Dynamics Corp. v. Smith, 178 Conn. 393 (1979), discuss ex parte PJR applications, a procedure distinguishable from that invoked in the present case.  Moreover, in Davila v. Secure Pharm. Plus, 329 F. Supp. 2d 311 (D. Conn. 2004), the plaintiff failed to submit an affidavit in support of his PJR application, and accordingly the Court found plaintiff failed to comply with Conn. Gen. Stat. § 52-278c(a)(2).  Id.

buttress his initial affidavit, just as the defendant may introduce at the hearing additional evidence to the contrary." Glanz v. Testa, 200 Conn. 406, 409-10 (1986).

Here, the Court does not find the seventeen challenged paragraphs of the Hollander declaration objectionable for the purposes of the initial PJR application. Indeed, it is apparent that Hollander, the sole managing member of HSqd, has personal knowledge of the documents described in the declaration and is competent to attest to their contents. Even in the summary judgment context, "Affiants may testify as to the contents of records they reviewed in their official capacity." Saint Francis Hosp., 94 F. Supp. 2d at 426. To the extent defendant argues that it has not received adequate notice of the proof on which HSqd relies, the defendants may always seek this information through a request for production. Accordingly, the Court denies defendant's request to strike these paragraphs of the Hollander declaration.

### b. References to hearsay statements

Defendant next argues that the Court should strike various paragraphs[5] of the Hollander declaration because they are inadmissible and unreliable hearsay. The paragraphs of the Hollander declaration that defendant seeks to strike all attest to statements made by defendant, or defendant's attorney,

---

[5] Specifically paragraphs: 11, 15-16, 19, 23, 26-27, 38, and 40.

Stephen Sprinkle.

Federal Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to provide the truth of the matter asserted in the statement." Rule 801 also defines statements that are not hearsay, including an opposing party's statement, that "is offered against an opposing party and: (A) was made by the party[…]; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; [or] (D) was made by the party's agent or employee on a matter within the scope of that relationship while it existed […]" Fed. R. Evid. 801(d)(2)(A)-(D). It is well established that a party's own statement, or that made by his agent, such as an attorney, is non-hearsay. See Amnesty America v. Town of W. Hartford, 361 F.3d 113, 132 n. 13 (2d Cir. 2004)(noting that letters from party's attorney "are statements of the party-opponent or its agents, and thus may be admissible non-hearsay under Fed. R. Evid. 801(d)(2)."); United States v. Gotti, 457 F. Supp. 2d 395, 397 (S.D.N.Y. 2006) ("A party's own statements are admissible as non-hearsay admissions regardless of whether such statements were against his interest when made.") (citation and internal quotations omitted). Fed. R. Evid. 801(2)(A) comm. note ("A

7

party's own statement is the classic example of an admission.").

The Court has carefully reviewed the challenged portions of the Hollander declaration.  The nine challenged paragraphs all attest to statements made by defendant, or his attorney, Mr. Sprinkle, are offered by the plaintiff against defendant, and are "classic example[s] of an admission."  Accordingly, the Court finds these nine challenged paragraphs of the Hollander declaration do not constitute inadmissible hearsay, and therefore declines to strike them from the declaration.

### c. References to knowledge of third parties

Defendant next seeks to strike four paragraphs[6] of the Hollander declaration on the basis that they consist of "speculations about what third parties may or may not know" and are not based on personal knowledge.[7] The Court construes this as an argument that Hollander is not a competent witness to testify as to the matters contained in the challenged paragraphs.

"Generally, affidavits must be made on the affiant's personal knowledge of the facts alleged in the petition.  The affidavit must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness."  State v. Sunrise Herbal Remedies, Inc., 296 Conn. 556, 571-72 (2010) (citing 3 Am. Jur. 2d 397, Affidavits § 14

---

[6] Specifically, paragraphs 17, 24-25, and 35.
[7] Again, the cases relied on by defendant in support of his argument pertain to affidavits in the summary judgment context.

8

(2002)).  Indeed, "the touchstone of competence is personal knowledge", which "is variously described as knowledge acquired firsthand or from observation."  Sunrise Herbal Remedies, 296 Conn. at 573.

Defendant seeks to strike paragraph 17 of the Hollander declaration on the grounds that it is speculative.  Paragraph 17 states in part, "By the end of this January 2010 call it was obvious to [Hollander] that neither [defendant], nor anyone who had advised [defendant] in the past ten years, had considered the possible impact of an employment agreement on [defendant's] ownership of any patent rights he conceived of while working at dell."  Defendant states that Hollander does not have personal knowledge of whether defendant, or any of his advisors, had considered such an impact. The remaining three challenged paragraphs all attest to certain actions taken by HSqd and/or Hollander with defendant's "knowledge" and/or "knowledge and approval".  Defendant submits that Hollander lacks the first-hand knowledge concerning what defendant knew or did not know at the time.

As an initial matter, the Court notes that the Hollander declaration, made under penalty of perjury, states that it is "made on personal knowledge." (Hollander Decl., at ¶1).  None of the paragraphs defendant objects to indicate they were made on "information and belief".  See, e.g., Lujan v. Cabana Mgmt.,

9

Inc., 284 F.R.D. 50, 65 (E.D.N.Y. 2012) (defendants challenged Rule 23 declarations on basis that the affiants lacked personal knowledge; in rejecting this argument, the court noted, in part, that all but one declaration specifically attested that the declaration was made on personal knowledge). The Court has carefully reviewed the challenged paragraphs of the Hollander declaration. Paragraph 17 of the Hollander declaration attests to Hollander's perceptions and/or conclusions gleaned from dealings with defendant and/or his attorney. The same is true for the remaining challenged paragraphs; namely that Hollander attests to his conclusions derived from his interactions with defendant and/or his attorney over time. Because "[a] witness's conclusions based on personal observations over time may constitute personal knowledge", the Court declines to strike these paragraphs. Saint Francis Hosp., 94 F. Supp. 2d at 425 (citing S.E.C. v. Singer, 786 F. Supp. 1158, 1167 (S.D.N.Y. 1992)); Colabufo v. Continental Cas. Co., No. 04-CV-1863 (TCP)(MLO), 2006 WL 1210919, at *6 (E.D.N.Y. April 27, 2006) ("An affiant may testify to conclusions based on her personal observations over time. Similarly, witnesses may testify to and summarize their impressions.") (citations omitted).[8]

---

[8] Additionally, the Court reminds defendant that he will have a "second bite at the apple", namely an opportunity to cross-examine Hollander at the prejudgment remedy hearing, as well as to present evidence to refute that presented by HSqd.

**4.   Conclusion**

For the foregoing reasons, Defendant's motion to strike **[Doc. #81]** is **DENIED**.  This is not a Recommended Ruling.  This is an order reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(A); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 18th day of March 2013.

             /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE