UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HSQD, LLC                              :
                                       :
                                       :
v.                                     :  CIV. NO. 3:11CV1225 (WWE)
                                       :
PAUL MORINVILLE                        :
                                       :

RULING ON DEFENDANT'S MOTION FOR ENTRY OF
PROPOSED PROTECTIVE ORDER [DOC. #72]

Pending before the Court is defendant Paul Morinville's motion for entry of proposed protective order [Doc. #72], to which plaintiff HSqd, LLC filed a response in opposition. [Doc. #79]. These documents are supported by declarations of defendant and HSqd's sole managing member, respectively. The parties do not dispute the need for a protective order but, after some negotiation, have failed to agree on its terms. The primary dispute is over the level of protection that should be afforded to "a narrowly circumscribed category of information". For the reasons that follow, defendant's motion for entry of proposed protective order **[Doc. #72]** is **DENIED** on this record.

**1.     Background**

HSqd brings this action against defendant to recover damages for, inter alia, breach of an alleged partnership agreement. HSqd is a Connecticut limited liability company, controlled by a sole member manager, Brian Hollander. "HSqd's business is to partner with individuals and companies who own intellectual property for the purpose of successfully monetizing specified intellectual property by actively participating in all monetization related decisions, and where appropriate, raising and/or providing the capital needed to support the monetization program." (Decl. of Hollander, ¶6, Doc. #74-1). In January 2010, defendant was introduced to HSqd as the

owner of a U.S. patent portfolio, which consisted of pending patent applications and infringed patents generating revenue ("Patent Portfolio"). Between January 2010 and January 2011, HSqd worked with defendant, and allegedly formed a partnership, to monetize the patents and applications in the Patent Portfolio. Plaintiff alleges that defendant breached the alleged partnership agreement, and additionally made an unauthorized sale of certain patents for defendant's sole financial benefit. Defendant disputes forming a partnership with HSqd.

In his proposed protective order, defendant seeks to include a second tier of protection[1] for information designated as "highly confidential", defined as,

> [I]nformation within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. (Def. Mt. Prot. Ord., Ex "A", ¶2b, Doc. #72).

Under defendant's proposed protective order, designating material as "highly confidential" prevents disclosure of these materials to "a party, in the case of an individual", "a party's in house counsel", and "a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage or participate in this case". (Def. Mt. Prot. Ord., Ex. "A", ¶4b,i,iii-iv). Ostensibly, designating a document "highly confidential" restricts it to "attorney's eyes only".

Defendant argues that this level of protection is necessary to protect "documents and correspondence that contain detailed personal and commercially sensitive information of not

---

[1] The parties agree at least to one tier of protection, labeled "[c]onfidential information", defined as "information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which a Producer believes in good faith would likely harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court." (Def. Mt. Prot. Ord., Ex "A", ¶2a, Doc. #72.).

only [defendant] himself, but also of individuals that have no involvement in this case[2], each of whom HSqd purports to directly compete with in the area of management and monetization of intellectual property." (Def. Mt. Prot. Ord. pp. 1-2).  HSqd objects, arguing that defendant has not met the standard for "attorney's eyes only" protection because the parties are not direct competitors, and that HSqd's need to prepare its case outweighs defendant's interest in keeping certain information secret.

**2.     Legal Standard**

"A court is given broad discretion regarding whether to issue a protective order." U.S. v. Gramercy Advisors, No. 11mc32 (JBA), 2011 WL 1628014, at *2 (D. Conn. April 28, 2011) (citing Wells Fargo Bank, N.A. v. Konover, No. 3:05 CV 1924(CFD)(WIG), 2009 WL 585434, at *4 (D. Conn. Mar. 4, 2009)(citing Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992))). Under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, for good cause shown, a court may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way...." Fed. R. Civ. P. 26(c)(1)(G). "Good cause is established by demonstrating a clearly defined and serious injury resulting from disclosure.... Broad allegations of harm will not establish good cause, rather to establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Hanson v. U.S. Airports Air Cargo, LLC, No. 3:07 CV 353 (JCH), 2008 WL 4426909, at *1 (D. Conn. Sept, 26, 2008) (quotation marks, alterations & citations omitted). See also Uniroyal Chem. Co. Inc. v. Syngenta

---

[2] To the extent that defendant alleges injury to un-named third parties as a basis for entry of his proposed protective order, he is reminded that "only a party or any person from whom discovery is sought may move for a protective order, Fed. R. Civ. P. 26(c)(1), because of the general prohibition against litigants raising another person's legal rights." Heller v. City of New York, No. 06 CV 2842(NG), 2008 WL 2965474, at *2 (E.D.N.Y. 2008) (citing Allen v. Wright, 468 U.S. 737 751 (1984)) (internal quotation marks omitted).

Crop Prot., 224 F.R.D. 53, 56 (D. Conn. 2004)("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citation omitted). "To satisfy the burden of showing good cause, the moving party must demonstrate that disclosure will work a clearly defined and very serious injury. The movant must also show that there will indeed be harm by disclosure." Uniroyal, 224 F.R.D. at 56 (quotation marks and citations omitted). "Whether information merits protection in a particular case depends upon: 1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors." Uniroyal, 224 F.R.D. at 56-57 (citations omitted).

**3.     Discussion**

Defendant argues that a "highly confidential" designation is warranted because the strategies and approaches to monetization are tantamount to pricing and marketing, which have been "routinely shielded from view of competitors." Defendant moreover argues that disclosure of these materials would work a "clearly defined and serious injury to [defendant]."[3] HSqd argues in response that defendant has not met the standard for an "attorney's eyes only" designation, largely in part because HSqd and defendant are not competitors.[4] HSqd also argues that its need to prepare its case outweighs the defendant's need for heightened confidentiality.

Based on the current record, the Court finds that defendant has failed to meet the good

---

[3] Defendant filed a motion to seal certain portions of the memorandum in support of his motion for entry of proposed protective order, as well as the declaration of defendant in support and certain exhibits to the memorandum. [Doc. #71]. The district judge granted this motion. [Doc. 73]. Accordingly, defendant filed on the public docket a redacted memorandum. [Doc. #72-1]. HSqd represents that defendant did not serve it with an unredacted copy. In the memorandum, defendant expands upon the alleged serious and defined injury it will suffer should the documents be disclosed, but plaintiff has not received the benefit of this information.

[4] Based on the record before it, the Court is not entirely satisfied that HSqd and defendant are "direct competitors", as defendant alleges throughout his memorandum.

4

cause standard to justify a second tier of confidentiality. "The burden of showing good cause for issuance of a Protective Order falls on the party seeking the order.  The party must set forth particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements to establish good case for protection under Rule 26(c)."  Weinstein v. Univ. of Conn., Civ. No. 3:11CV1906(WWE), 2012 WL 3443340, at *5 (D. Conn. Aug. 15, 2012)(citations and internal quotations omitted).  Here, defendant has failed to demonstrate good cause for inclusion of a heightened "highly confidential" designation because his alleged injury is entirely speculative in nature.  See id. (where defendant could only speculate about the potential impact of the execution of subpoenas, "[s]uch generalized and speculative suggestions of harm d[id] not constitute good cause of issuance of a protective order under Rule 26(c).").  Indeed, defendant's alleged example of injury is rife with speculative language (i.e., "may", "potential", "could"), which is far from the "particular and specific demonstration of fact" required by Rule 26(c).  See Wilcock v. Equidev Capital L.L.C., No. 99CIV.10781LTSDFE, 2001 WL 913957, at *1 (S.D.N.Y. Aug. 14, 2001) ("Defendant [] speculates that Plaintiff's contacts with clients […] would result in loss of those clients or perhaps, litigation by those clients.  Such conclusory statements fall short of the specificity required to establish good cause for a protective order."); Glenmede Trust Co. v. Thompson, 56 F.3d 476, 484 (3d Cir. 1995) ("General allegations of injury to […] client relationships […] that may result from dissemination of privileged documents is insufficient to justify judicial endorsement of an umbrella confidentiality agreement."). Simply, the record before the Court fails to demonstrate that disclosure beyond counsel will work a clearly defined and very serious injury to defendant, especially in light of the other terms of HSqd's proposed protective order.

      In fact, both defendant and HSqd's proposed protective orders contain a provision that

confidential information "may be used exclusively for purposes of this litigation, subject to the restrictions of this [protective] order." Although the Court is cognizant that once information has been seen, it cannot be "unseen", see, e.g., Sullivan Mktg., Inc. v. Valassis Commc'n, Inc., No. 93 CIV. 6350 (PLK), 1994 WL 177795, at *3 (S.D.N.Y. May 5, 1994) (citation omitted) ("It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so"), it trusts that the parties will abide by this provision of the proposed protective order. On the record before the Court, there is no evidence that HSqd and/or Hollander cannot be trusted to maintain the confidentiality of documents disclosed for purposes of this litigation. Indeed, Hollander's declaration, made under penalty of perjury, states, "The defendant has never made an allegation, directly to me or in any documents filed in this case, that accuses me of doing anything during the partnership that was harmful to him or the partnership, or interfered with his ability to monetize any intellectual property not the subject of the complaint in this case." [Id. at ¶8].

Because the Court finds defendant failed to meet the good cause standard on this record, the Court need not reach the remaining arguments asserted by the parties.

**4.     Conclusion**

For the foregoing reasons, Defendant's motion for entry of proposed protective order **[Doc. #72]** is **DENIED** on this record. The Court shall enter simultaneously with this ruling HSqd's proposed protective order, attached as exhibit "B" to defendant's memorandum in support of its motion for entry of proposed protective order.

This is not a Recommended Ruling. This is a discovery ruling or order reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.

R. Civ. P. 72(A); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 18th day of March 2013.

                                                        /s/  
                                       HOLLY B. FITZSIMMONS  
                                       UNITED STATES MAGISTRATE JUDGE